Delores J. HANSEN, Plaintiff and Appellee,

v.

Robert L. HANSEN, Defendant and Appellant.

No. 13073.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1981.

Decided March 4, 1981.

Gary E. Davis of Johnson, Johnson & Eklund, Gregory, for plaintiff and appellee.

John J. Simpson, Winner, for defendant and appellant.

DUNN, Justice.

Robert L. Hansen (appellant) appeals from a decree of divorce which granted Delores J. Hansen (appellee) a divorce from appellant. We reverse and remand.

Appellant and appellee were married on January 26, 1962. From the very inception of their marriage they engaged in farming and ranching operations in the Winner, South Dakota, area. The parties have two minor children.[1]

In the summer of 1978, appellant and appellee began to experience marital difficulties which eventually resulted in their obtaining a divorce.

Appellant raises several issues on appeal which we shall summarize as follows: (1) Did the trial court err in finding that certain debts owed to appellant's parents and to the Hansen Ranch Corporation were speculative and contingent liabilities, therefore excluding them from the obligations of the parties in determining an equitable distribution of their property? (2) Did the trial court err in awarding alimony and the property settlement given to appellee? (3) Did the trial court err in awarding attorney fees to appellee?

The first issue raised concerns two separate and distinct marital debts of the parties. The record discloses that appellant's parents deeded to appellant and appellee the Northeast Quarter (NE ¼) of Section Twenty-six (26), Township Ninety-nine (99) North, Range Seventy-eight (78), West of the 5th P.M. (hereinafter referred to as the home section). The consideration for the home section was listed on the deed as "a gift"; however, appellant and appellee acknowledged at trial that they were to pay $25,000 for this property.[2] The other debt concerned a loan to the parties of $30,000 by the Hansen Ranch Corporation, which was used to purchase farm equipment and land. This debt was also acknowledged by the parties as being a legitimate debt.

■ The trial court found that both of these debts were speculative and contingent liabilities, and therefore should not be included in the obligations of the parties in determining an equitable distribution of the marital property. This finding was apparently based on the fact that there were no written documents evidencing these debts; that there were no terms concerning interest or repayment; and that previous attempts to make payments on the home section debt had been refused by appellant's parents.

■ The controlling case in the area of speculative and contingent marital debts is *Wallahan v. Wallahan*, 284 N.W.2d 21, 26 (S.D.1979) (citations omitted) (brackets in original), where we stated that:

"[C]ontingent liabilities that may never be paid or that may be paid only in part need not be deducted in determining net worth." ... Speculative contingent liabilities should not be considered in apportioning the parties' assets for purposes of a property division.

We do not believe that the liabilities herein are analogous to those in *Wallahan*,

1. The trial court awarded custody of the parties' fifteen-year-old daughter to appellant, while appellee was awarded custody of their seventeen-year-old son. Appellee was further awarded $200 per month child support for the son until he reaches the age of majority or is otherwise emancipated. No issues concerning child custody or child support payments have been raised on appeal.

2. At trial appellee testified as follows, concerning the home section property:
Q [Appellant's counsel]: Now, with respect to that home place, at the time that it was deeded to you folks by Mr. and Mrs. Han-sen on the 17th of April of '75, there was money that you and Bob were to pay for them on a—on that quarter of land, wasn't there?
A [Appellee]: Yes.
Q [Appellant's counsel]: How much was that?
A [Appellee]: I think it was twenty five thousand dollars.
Q [Appellant's counsel]: And you acknowledge that as the legitimate debt?
A [Appellee]: Yes.
Q [Appellant's counsel]: And it hasn't been paid?
A [Appellee]: No ...

where the "[d]efendant . . . testified that the contingent liabilities [were] remote and his ever being held liable on them [was] highly unlikely." *Wallahan*, supra, at 26. The liabilities in *Wallahan* were such that they did not constitute legitimate debts, for there was no probability that they would ever be paid; however, here the liabilities are not of this nature. It is merely due to the lack of specific terms and written instruments that they become contingent at all. Unlike *Wallahan*, here appellant did not testify that it is unlikely that he will be held liable on these debts; rather, appellant testified that he has every intent to repay these debts and that a written agreement was deemed unnecessary by the parties advancing the money.

■ Generally, something is a contingent liability when it depends upon some future event, which may or may not happen, thereby making it uncertain whether it will ever become a liability. See generally: *Bush v. Remington Rand*, 213 F.2d 456 (2d Cir. 1954); *Vandegrift v. Riley*, 220 Cal. 340, 30 P.2d 516 (1934); *Graber v. Bontrager*, 69 N.D. 300, 285 N.W. 865 (1939). Similarly, the word "speculative" has been found to have varying meanings. It is "[s]ometimes . . . used as . . . a conclusion reached by the faculty or process of intellectual examination, search, and reasoning; sometimes as meaning conjecture, guesswork, and surmise." *Hiber v. City of St. Paul*, 219 Minn. 87, 93, 16 N.W.2d 878, 881 (1944). In either case, these debts are neither speculative nor contingent. There is no activating future event which must occur, other than the actual payment of the debts, nor must one guess at their existence. At the risk of being redundant, we again note that both parties have acknowledged these to be legitimate debts. In fact, prior to their marital difficulties, appellee offered to pay the home section debt with an inheritance she received from her father's estate. Moreover, these debts resulted from the acquisition of property which was divided among the parties, to-wit: the home section, farm equipment, and other land. If these assets are to be divided between the parties, it logically follows that the debts incurred in obtaining these assets should also be allocated between the parties. In light of the parties' affirmation of the existence of these debts, orally and more importantly by appellee's action in offering to pay the home section debt with her inheritance, we are convinced that the trial court's finding that these debts are speculative and contingent is not supported by the evidence, and is therefore clearly erroneous. We are also convinced that it was error to exclude these debts from the obligations of the parties in making an equitable distribution of the marital assets. This error necessitates that the decree be reversed and remanded to allow the trial court to make a new property settlement reflecting these debts.

■ Since we are reversing and remanding for a new property settlement, appellant's other issues are rendered moot. We note, however, that "[t]he allowance of attorneys' fees rests in the sound discretion of the trial court, and will not be interfered with by this court unless it appears that there is error in the exercise of that discretion." *Wallahan*, supra, at 28. Furthermore, appellee's request for allowance of attorney fees expended for this appeal is denied.

Accordingly, the decree of divorce appealed from is reversed as it relates to the issues presented herein, and the case is remanded for further action consistent with the dictates of this opinion.

HENDERSON and FOSHEIM, JJ., concur.

WOLLMAN, C. J., and MORGAN, J., concur in part and dissent in part.

MORGAN, Justice (concurring in part, dissenting in part).

I concur in part and dissent in part because I believe that the debt for the home section owed to appellant's parents does come within the contingent liabilities under *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D. 1979).

The existence of the debts, which the majority stresses, is not the criterion under

*Wallahan.* Indeed, without the existence of the debt, the question of its contingency would never be appropriate. That appellant admitted the existence of the debt is not controlling. There is no evidence that the parents ever expected to be repaid and, in fact, they had refused every attempt at repayment. That fact speaks far louder to me than appellant's testimony that he intended to repay the debt. How would he do so when there is no evidence that repayment would ever be accepted?

The debt to the corporation, which according to the record was owned by two of appellant's uncles, is different. Although the record does not reflect any attempt to repay the loan, there was no outright refusal to accept repayment, and I agree with the majority that it does not fall within *Wallahan.* Appellee argues on appeal that it is outlawed, but that is a different proposition that apparently was not considered by the trial court, so we may not make any determination on that.

I am authorized to state that WOLLMAN, Chief Justice, joins in this concurrence in part and dissent in part.